IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CR-21-139-PRW ) |
| GUNNAR MATTHEW HEMINGWAY, | ) ) |
| Defendant. | ) |

# ORDER

Before the Court are Defendant's Motion to Dismiss the Indictment for Lack of Jurisdiction (Dkt. 58) and Motion to Dismiss Count Three as Multiplicitous (Dkt. 57).

## *Lack of Jurisdiction*

Jurisdiction in this case is partly grounded in the Major Crimes Act ("MCA"), 18 U.S.C. § 1153(a). That statute provides that "any Indian who commits against the person or property of another Indian or other person" a number of specific offenses, including murder and arson, "shall be subject to the same law and penalties as all other persons committing any of the above offenses, within the exclusive jurisdiction of the United States."[1] Defendant argues (1) that the MCA is unconstitutional; or, if it is constitutional, (2) that the MCA does not reach some of the crimes at issue here.

---

[1] 18 U.S.C. § 1153(a).

## I. Constitutionality of the MCA

Defendant's argument that the MCA is unconstitutional relies largely on Justice Gorsuch's concurrence in *Haaland v. Brackeen*.[2] We need not belabor the Justice's detailed account of the history of regulation of Indian tribes by the federal government. The upshot, as relevant to this case, is that Justice Gorsuch called into question *United States v. Kagama*,[3] the 1886 case that upheld the constitutionality of the MCA soon after its passage.[4] *Kagama* has come to represent the so-called plenary power theory of federal-Indian relations,[5] and it was precisely along these lines that Justice Gorsuch levied his criticism.[6]

But despite his doubts about the interpretive approaches used in *Kagama* and other early cases, Justice Gorsuch did not conclude that *all* the results reached during that era of constitutional analysis could not be alternatively supported under an originalist approach.[7] *Kagama* has not been overturned, and the Tenth Circuit recently upheld its central holding—the constitutionality of the MCA.[8] So as it stands, this Court is bound by precedent to conclude that the MCA is a constitutional extension of federal jurisdiction.

---

[2] 143 S. Ct. 1609 (2023).

[3] 118 U.S. 375 (1886).

[4] *Id.* at 384–85.

[5] *See United States v. McGirt*, 71 F.4th 755, 772–73 (10th Cir. 2023)

[6] *Haaland*, 143 S. Ct. at 1657–60.

[7] *Id.*

[8] *McGirt*, 71 F.4th at 772–73.

**II. Jurisdiction Over Counts 2 and 3**

Defendant next argues that, even if the MCA is constitutional, Counts 2 and 3 of the Indictment are not within the MCA's scope. Count 2 charges Defendant with violating 18 U.S.C. § 924(j)(1): Causing the Death of a Person in the Course of a Violation of Title 18 U.S.C. § 924(c). Count 3 is the § 924(c) charge that underlies Count 2: Use, Carry, and Discharge of a Firearm During and in Relation to a Crime of Violence.

As noted above, the MCA extends federal jurisdiction to an enumerated list of crimes, including murder and arson. That list does not explicitly include firearm crimes like those codified at 18 U.S.C. §§ 922, 924, and Defendant contends that the statutory language cannot be fairly read to extend to such offenses. Even if Defendant's contention is true, however, the MCA is not the only path to federal jurisdiction over Indian individuals. Rather, courts have consistently held that "general federal criminal statutes like § 924(c)" reach "Native Americans on tribal lands just as it would apply to anyone nationwide."[9] The firearm charges levied in Counts 2 and 3 are generally applicable criminal statutes containing no carveouts or exceptions for tribal jurisdiction and are therefore the proper subject of this Court's jurisdiction.

---

[9] *United States v. Barnes*, 846 F. App'x 730, 731 (10th Cir. 2021) (unpublished); *see also United States v. Gachot*, 512 F.3d 1252, 1253–54 (10th Cir. 2008); *United States v. Mitchell*, 502 F.3d 931, 946–47 (9th Cir. 2007) ("[F]ederal court jurisdiction extends to intra-Indian violations of federal criminal laws of general, nationwide applicability."). There is a recognized exception to this rule "when the application of a statute would affect Indian or tribal rights recognized by treaty or statute, or would affect rights essential to self-governance of intramural matters." *United States v. Funmaker*, 10 F.3d 1327, 1330–31 (7th Cir. 1993). Sections 922 and 924 do not implicate this exception.

The Court finds that the MCA's grant of federal jurisdiction is constitutional. In addition, and wholly apart from the MCA, federal jurisdiction extends to the general criminal laws charged in Counts 2 and 3 of the Indictment. Accordingly, Defendant's Motion to Dismiss the Indictment for Lack of Jurisdiction (Dkt. 58) is **DENIED**.

### *Multiplicitous Counts*

As related above, Count 3 charges a violation of § 924(c)—Use, Carry, and Discharge of a Firearm During and in Relation to a Crime of Violence—and Count 2 charges a violation of 924(j)—Causing the Death of a Person in the Course of a Violation of § 924(c). Defendant argues that § 924(c) is a lesser-included offense of § 924(j), and therefore that conviction on both Counts would violate his right against double jeopardy. Defendant therefore asks that the multiplicitous Count 3 be dismissed before trial. The United States concedes that the two Counts are multiplicitous but argues that the proper course of action is to submit both Counts to the jury and, in the event the jury convicts on both Counts, to vacate one of the convictions.

The decision to address multiplicity issues before or after trial is within the Court's discretion.[10] As a general matter, courts do not require prosecutors to elect between alternative counts before trial.[11] However, where there is a risk of "falsely suggest[ing] to a jury that a defendant has committed not one but several crimes," pre-trial election may be appropriate.

---

[10] *See, e.g.*, *United States v. Johnson*, 130 F.3d 1420, 1426 (10th Cir. 1997).

[11] *See, e.g.*, *United States v. Frierson*, 698 F.3d 1267, 1269 (10th Cir. 2012).

Given the nature of the charges in this case, the Court finds that the risk of confusing the jury by presenting both Counts 2 and 3 is low. As stated by Defendant, "[t]he only meaningful difference between the two provisions is that § 924(j) requires proof of one additional fact: a death." That being the case, the Court is confident that careful jury instructions and arguments will fully equip the jury to understand the meaning of and reason for the two counts without creating any false impressions. Accordingly, Defendant's Motion to Dismiss Count Three as Multiplicitous (Dkt. 57) is **DENIED**. In the event that the jury convicts on both Counts 2 and 3, the Court will take up a motion to vacate one of the convictions.

**IT IS SO ORDERED** this 17th day of November 2023.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE