IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | )  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. CR-21-139-PRW |
| v. | ) | |
| | ) | |
| GUNNAR MATTHEW HEMINGWAY, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is Defendant's Motion for Judgment of Acquittal (Dkt. 113). Defendant was charged by Indictment (Dkts. 16, 110) with (1) Murder in Indian Country; (2) Causing the Death of a Person in the Course of a Violation of 18 U.S.C. § 924(d); (3) Use, Carry, and Discharge of a Firearm During and In Relation to a Crime of Violence; and (4) Arson in Indian Country. After a five-day trial, the jury returned a verdict finding Defendant guilty of arson and not guilty of the other charges (Dkt. 108). The Court previously denied Defendant's motions for judgment of acquittal at the close of the Government's case in chief and at the close of evidence. Defendant timely filed the present Motion (Dkt. 113), challenging the sufficiency of the evidence to support the jury's verdict.

Fed. R. Crim. P. 29(c)(2) permits a court to set aside a guilty verdict and enter an acquittal in the event that the evidence is insufficient to sustain a conviction. The sufficiency of the evidence must be considered in the light most favorable to the Government, and the Court must determine "whether any rational trier of fact could have found, from the direct and circumstantial evidence presented to it, together with the reasonable inferences therefrom, the essential elements of the crime beyond a reasonable

1

doubt."[1] In other words, the Court must defer to the jury's verdict "unless no reasonable juror could have reached the disputed verdict."[2] The evidence must support the conviction beyond raising a "mere suspicion of guilt," but "it need not conclusively exclude every other reasonable hypothesis[,] and it need not negate all possibilities except guilt."[3]

Defendant's challenge to the sufficiency of the evidence centers on the ownership of the property which he was convicted of burning. 18 U.S.C. 1153(a) criminalizes arson (among other acts) committed by an Indian "against the person or property of another Indian or other person." In *United States v. Doe*, the Tenth Circuit held that this statutory language extends to property owned by individuals or corporations, but not to the property of unincorporated associations.[4] Defendant argues that the Government failed to introduce evidence demonstrating that the burned trailer was owned by an individual or corporation.

In their briefs the parties agree that the relevant evidence on this point is to be found in the testimonies of witness Deanna Shawhart and Defendant himself. Defendant argues that statements about the property were vague or made in the context of other topics, rather than in response to direct questions about the ownership of the trailer. Defendant contrasts this with the evidence of ownership considered in *Doe*, which included on-point testimony in response to direct questions, as well as the signed lease for the property in question.[5]

---

[1] *United States v. McIntosh*, 124 F.3d 1330, 1334 (10th Cir. 1997).
[2] *United States v. Carter*, 130 F.3d 1432, 1439 (10th Cir. 1997).
[3] *United States v. Vallejos*, 421 F.3d 1119, 1122 (10th Cir. 2005)
[4] *United States v. Doe*, 572 F.3d 1162, 1170–72 (10th Cir. 2009).
[5] *Id.* at 1171–72.

Having reviewed the transcripts, the Court finds that there was sufficient evidence for a rational trier of fact to find beyond a reasonable doubt that the owner of the trailer was an individual, namely Defendant's "Grandpa Buck." Defendant's reliance on *Doe* is misplaced. *Doe* did not create an evidentiary floor for proving ownership, and the more-specific evidence relied upon there was introduced in part to overcome conflicting ownership claims.[6] By contrast, the relevant testimony here was consistent. Ms. Shawhart and Defendant exclusively referred to the property as being owned by Grandpa Buck, or as "Grandpa Buck's place," throughout their testimony. Both witnesses gave direct, affirmative answers when asked if the trailer was Grandpa Buck's.[7] Presented with that uncontroverted evidence, a reasonable juror could have concluded that the trailer was owned by an individual, and therefore reached a guilty verdict on the arson charge, as the jury in this case did. Accordingly, Defendant's Motion (Dkt. 113) is **DENIED**.

**IT IS SO ORDERED** this 12th day of February 2024.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[6] *Id.*

[7] *See* Shawhart Test. Tr. (Dkt. 118), at 161:7–162:10 ("Q: And that trailer was also grandpa Buck's right? A: Yes."); Def.'s Test. Tr. (Dkt. 119), at 475:20–476:2 ("Yes. On – in my grandpa Buck's trailer on his land."); *id.* at 546:1–5 ("Q: Okay. It was your Grandpa Buck's trailer? A: Yes, ma'am.").